UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
UNITED STATES OF AMERICA

V.

FRANK SEGUI

Defendant
-----------------------------------------------------X

NOTICE OF MOTION

19-CR-188 (KAM)

PLEASE TAKE NOTICE, that upon the annexed memorandum of law and all the prior papers and proceedings herein, the Defendant, FRANK SEGUI, will move before the Honorable Kiyo A. Matsumoto United States District Judge for the Eastern District of New York, at the United States Courthouse located at 225 Cadman Plaza East, Brooklyn, New York, for an order pursuant to Federal Rule of Criminal Procedure 12(b)(3):

(1) suppressing evidence and (2) granting such additional relief as the Court may deem just and proper.

Dated: Brooklyn, New York
August 23, 2019

Respectfully submitted

Federal Defenders of New York, Inc.
One Pierrepont Plaza - 16th Floor
Brooklyn, New York 11201

By: /s/
Kannan Sundaram, Esq.
(718) 330-1203

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

v.

19-CR-188 (KAM)

FRANK SEGUI,

Defendant
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS**

Federal Defenders of New York, Inc.
One Pierrepont Plaza - 16th Floor
Brooklyn, New York 11201

KANNAN SUNDARAM
of Counsel

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of Mr. Segui's pre-trial motion to suppress evidence obtained by state and federal law enforcement authorities on February 22, 2019 and thereafter.

## STATEMENT OF FACTS[1]

As per the sworn complaint, on February 22, 2019, defendant Frank Segui travelled to the Port Authority Bus Terminal in Manhattan and had a ticket for a bus to Detroit, Michigan. While at the terminal, he was arrested for disorderly conduct[2] by Port Authority police. According to the complaint, "[t]he defendant also resisted arrest." Complaint, ECF No. 1 ¶ 8.

Following his arrest, Mr. Segui was given *Miranda* warnings and questioned by the police. As set forth in the complaint and elsewhere, he stated, among other things, that he was planning to go to Michigan to kill his former professor and had previously purchased an axe for that purpose on the internet, which axe he had left in his parents' apartment in Brooklyn. *Id.* ¶ 9. The police then turned Mr. Segui over to the FBI, who questioned him the next day, eliciting the same statements with some further details.[3]

That same day, FBI agents went to Mr. Segui's parents' home, received his father's consent to search Mr. Segui's bedroom and closet, and recovered an axe, sheath and packaging

---

[1]The facts set forth herein are based on the complaint, search warrants and other documents provided in discovery, conversations with the government and my independent investigation of the case.

[2]*See* N.Y. Penal Law § 240.20

(continued...)

purchased on the internet as he had described. *Id.* ¶ 11.

Based on the information they and the police had obtained from interviewing Mr. Segui and seizing his cellular phone, the FBI conducted further investigation. Through search warrants and other means, they obtained his laptop computer, his browser history and various emails including the October 2018 email communication forming the basis for the instant charge of Transmission of Threat to Injure, in violation of 18 U.S.C. § 875©. *See Id.* ¶¶ 3 - 6; Indictment, ECF No. 13.

As set forth in Mr. Segui's attached affidavit, at the time of and preceding his arrest at the Port Authority, he did not cause or intend to cause any public inconvenience, annoyance or alarm. He did not engage in fighting or in violent, tumultuous or threatening behavior. And he did not make excessive noise, use abusive or obscene language, make any obscene gesture, or obstruct vehicular or pedestrian traffic. *See* Exhibit A, Segui Affidavit ¶ 2.

Mr. Segui was sitting in the food court area waiting for a Greyhound Bus departure. A man working at one of the food places asked him to leave. When he didn't, the man threatened to call the police and Mr. Segui stayed calm and didn't argue with him. When the man taunted Mr. Segui, he walked toward the man but did not attack or threaten him, and was several feet away from him. This was not a loud dispute, and no one else was present, except possibly one or two other people. The police grabbed Mr. Segui and placed him under arrest. He did not resist arrest, either.

**THE EVIDENCE OBTAINED FROM THE QUESTIONING OF MR. SEGUI AND FROM THE ENSUING F.B.I. INVESTIGATION SHOULD BE SUPPRESSED AS THE FRUITS OF AN UNLAWFUL SEIZURE**

The Fourth Amendment of the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures[.]" U.S. Const. amend. IV; *Welsh v. Wisconsin*, 466 U.S. 740, 748-50 (1984). To be lawful under the Fourth Amendment, an arrest "must be predicated on probable cause." *United States v. Marin*, 669 F.2d 73, 81 (2d Cir. 1982); *see United States v. Delossantos*, 536 F.3d 155 (2d Cir. 2008).

The government bears the burden of showing of establishing the legality of a search or seizure. *See United States v. Perea*, 986 F.2d 633, 639 (2d Cir. 1993). If evidence is obtained as the result of an illegal search or seizure, it cannot be introduced as evidence of the defendant's guilt. *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

In this case, law enforcement officials, by their own account, arrested Mr. Segui for disorderly conduct, a non-criminal "violation" offense under New York Law. *See* N.Y. Penal Law § 240.20.

Under New York Penal Law Section 240.20 a person commits "disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or reckless creating a risk thereof:

1. He engages in fighting or in violent, tumultuous or threatening behavior; or
2. He makes unreasonable noise; or
3. In a public place, he uses abusive or obscene language, or makes an obscene gesture; or
4. Without lawful authority, he disturbs any lawful assembly or meeting of person; or

5. He obstructs vehicular or pedestrian traffic; or

6. He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse; or

7. He creates a hazardous or physically offensive condition by any act which serves no legitimate purpose.

Here, the government has alleged no facts showing that Mr. Segui did any of these things, or that he caused or intended to cause a public disturbance of any sort. The complaint states only that he was arrested for disorderly conduct, with no explanation why. As the government has thereby failed to establish that the arrest was supported by probable cause, Mr. Segui's motion to suppress should be granted.

In any event, as set forth in his own sworn affidavit, Mr. Segui denies engaging in any conduct that would make out the offense of disorderly conduct. At most, he was engaged in a private dispute with another individual with few if any others present. He did not cause or intend to cause any public inconvenience or alarm, or recklessly engage in conduct creating a risk of any of those things. As the police did not have probable cause to believe that he had committed or was committing disorderly conduct or any other offense, their arrest of Mr. Segui violated his Fourth Amendment right against unreasonable seizures.

Therefore, the evidence obtained as a result of the illegal arrest should be suppressed. That suppressible evidence includes Mr. Segui's post-arrest statements and the cellular phone they seized from him, as well as the evidence derived therefrom. *See Dunaway v. New York*, 442 U.S. 200, 218 (1979); *Wong Sun v. United States*, 371 U.S. at 487-88. Here, based on the information obtained from interviewing Mr. Segui and seizing his cell phone, the FBI conducted further investigation that included searches of his bedroom, his phone, his computer and the

internet, and interviews of witnesses including the alleged victim. That investigation turned up evidence including the axe recovered from his bedroom closet, the emails and browser history noted in the complaint, and incriminating statements from the alleged target of the emails. Thus, that and any other similarly derived evidence, as well as the statements themselves, should be suppressed as fruit of the poisonous tree. *See Wong Sun*, 371 U.S. at 487-88 (requiring suppression of evidence "come at by exploitation of" the illegality); *Murray v. United States*, 487 U.S. 533, 537 (1988) (suppressible fruit may include evidence obtained by search warrant that relies on information gathered during illegal entry into defendant's home) .

**CONCLUSION**

For the foregoing reasons, defendant's motion to suppress should be granted.

Dated: Brooklyn, New York
August 23, 2019

Respectfully submitted,

/s/
Kannan Sundaram
Assistant Federal Defender
(718) 330-1203

To: Philip Pilmar
Andrew Grubin
Assistant U.S. Attorneys
271 Cadman Plaza East
Brooklyn, N.Y. 11201

Clerk of Court (ECF)