**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

September 5, 2019

**By ECF**
The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn New York 11201

      Re:    United States v. Frank Segui
                  19-CR-188 (KAM)

Dear Judge Matsumoto:

      The defense submits this motion *in limine* in advance of trial, which is scheduled to begin on November 12, 2019.  This motion requests that the Court preclude the government from admitting a portion of the October 2018 email that forms the basis for the instant charge.

      The government has charged Mr. Segui with a single count of Transmission of Threat to Injure, in violation of 18 U.S.C. § 875©.  The indictment alleges that on or about October 30, 2018, Mr. Segui "did knowingly and intentionally transmit in interstate commerce a communication containing a threat to injure the person of another, to wit: a communication threatening the life of, and threatening bodily injury to, John Doe, an individual whose identity is known to the Grand Jury."   (ECF No. 13, Indictment).  The communication in question is an email Mr. Segui is alleged to have sent on that date to a professor for whom he had previously worked as a teaching assistant at a university in the Western District of Michigan.  (*See* ECF No. 28, First Motion *in Limine* by USA at 2) ("Gov. Mot.").

That email – which is excerpted in, and attached as an exhibit to, the governments' motion *in limine* filed earlier today[1] – states, as relevant here:

> It's now been 3 years and you people will still not leave me alone. [Doe] or one of you mother fuckers is telling every person I contact not to hire me. . . . I get it. This is a thing you universities do. . . . First you push them away them [sic] you do whatever you can to make them come back to you even if it means ruining their life even if they get you leave them alone. . . . You don't deserve life. The world would be better without you. [Doe] *I'm so glad that son of yours is a mute deformed autistic little shit. That's probably god's way of putting you in place. . .* . What's fucked up is I know you guys covered your tracks anything short of tying you down and cutting off your fingers there [sic] no way you will ever admit to any wrong doing. You'll just claim I'm crazy and continue ruining my life till the day I die. . . .

(Gov. Mot. at 2) (emphasis added).

While the defense does not challenge the admissibility, as an evidentiary matter,[2] of the rest of this email, the italicized portion relating to the professor's "deformed autistic" son should not be admitted.

First, the comment about the professor's son has no relevance to any element of the charged offense. *See* Fed. R. Evid. 402. The crime charged is transmitting a "communication containing [] any threat to injure the person of another," 18 U.S.C. § 875©, in this case "a communication threatening the life of, and threatening bodily injury to," the professor. The comment about the professor's son – that Mr. Segui is glad that he is autistic and that this is "probably god's way of putting [the professor] in [his] place – is not a threat of bodily injury to the professor or anyone else. To be sure, it is a mean and vicious remark, but it does not state or suggest a threat of any sort, much less a threat of bodily injury.

While the government states that the professor "found the October 2018 email concerning and threatening, especially the statement about his son" (Gov. Mot. at 2), the standard is an objective one, "focusing on whether a reasonable person would find that a threat existed." *United States v. Magleby*, 241 F.3d 1306, 1311 (10th Cir. 2001). Objectively, the comment about the professor's son contained no suggestion whatsoever of a threat of bodily injury. Moreover, even if the professor somehow discerned a threat to his son, this indictment specifically charges a

---

[1] The government's motion seeks, among other things, to introduce various pieces of evidence relating to acts Mr. Segui is alleged to have engaged in before and after he sent the October 2018 email and (2) to preclude the defense from presenting certain arguments. (*See* Gov. Mot. at 3 - 4). The defense will address those arguments separately in its response to the government's motion.

[2] The defense has separately moved to suppress the entire email as the fruit of an unlawful arrest. (*See* ECF No. 26, Motion to Suppress Evidence at 5).

threat of bodily injury to "John Doe" alone.  A charging decision entirely consistent with the fact that the rest of the email diatribe – and the only statements that even touch upon death or bodily injury – are directed exclusively at the professor or his associates, and never mention his son or anyone else.  As the comment about the professor's son has no bearing on any element of the charged offense – and hence on any "fact [] of consequence in determining the action," Fed. R. Evid. 401(b) – it is irrelevant and thus, inadmissible.

In any event, even if the evidence were deemed to have some relevance, it should be excluded pursuant to Rule 403.  Rule 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As set forth above, the logical nexus between the insulting and hurtful comment about the professor's son and a threat of bodily injury to the professor is strained, if it exists at all.  If it has any probative value, it is minimal at best.  The danger of unfair prejudice it carries, on the other hand, is monumental.  It is hard to think of something more offensive and taboo in our society than mocking a disabled child.  To direct such comments to the parent of such a child, and in terms this harsh and crude, would likely be viewed by many as the height of cruelty.  Hearing that Mr. Segui said these things to the father of a deaf and/or autistic child would inflame the passions of any jury.  The danger of unfair prejudice and to his ability to receive a fair trial would substantially outweigh the slight probative value of that evidence at this trial.

For the reasons set forth here, the defendant's motion *in limine* motion should be granted.
Respectfully Submitted,

/s/

Kannan Sundaram
Assistant Federal Defender
(718) 330-1203

cc: Andrew D. Grubin
    Philip Pilmar
    Assistant U.S. Attorneys

    Clerk of the Court (KAM)

3