**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

October 3, 2019

**By ECF**
The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn New York 11201

      Re:    United States v. Frank Segui
             19-CR-188 (KAM)

Dear Judge Matsumoto:

    I write in reply to the government's memorandum in opposition to the defense *in limine* motion to preclude a portion of the October 2018 email that forms the basis for the instant charge of Transmission of Threat to Injure, in violation of 18 U.S.C. § 875(c).  (*See* ECF No. 32, Memorandum in Opposition re First Motion in Limine ("Gov. Resp.")).

    Specifically, the defense motion seeks to preclude the statement, "I'm so glad that son of yours is a mute deformed autistic little shit.  That's probably god's way of putting you in place." (*See* ECF No. 29 ("Def. Mot.")).  As argued in the motion, that statement is inadmissible because it has no relevance to any element of the charged offense, which is transmitting a communication containing a threat to injure the professor.  The disparaging remark about the professor's son doesn't state or imply any threat, much less a threat to injure the professor.  *Id.* at 2.

    In its reply, the government states that the professor "found the references to his child especially alarming" and "the fact that the defendant explicitly referenced that private fact" regarding the child's medical conditions "led in part to Doe believing that the October 2018 email was a threat, rather than bluster." (Gov. Resp. at 3).  But how so?  And a threat of what, exactly?  The issue under this statute is whether the statement conveyed a threat *of injury to the professor*.  *See Elonis v. United States*, 135 S.Ct. 2001, 2012 (2015).  This disparaging remark about his son did no such thing, and the government has yet to articulate – even in a reply brief – how it did.

And even if the professor did, for whatever reason, interpret this insult about his son as a threat of physical injury to himself, his subjective belief alone is not sufficient. As the government itself states, "The test is an objective one" under which "the government must show that a *reasonable recipient of the communication* would have considered it to be a threat (of injury to him). (Gov. Resp. at 2, citing *Elonis*, 135 S.Ct. at 2011 and *United States v. Malik*, 16 F.3d 45, 49 (2d Cir. 1994) (emphasis added)). There is no reason apparent on the face of the communication, and none identified by the government, that a reasonable recipient of this statement would consider it to be a threat of injury to his person.

The government's argument that the remark about the professor's son shows Mr. Segui's intent to convey a threat of injury fares no better. (*See* Gov. Resp. at 2). Here, too, it is not apparent on its face or explained by the government why Mr. Segui would know or believe that his insulting remarks about the professor's son would be interpreted as a threat to physically harm the professor.

The government next claims that admitting the statement is "necessary to understand" the professor's actions following his receipt of the email, as "[i]t was in part the email's inclusion of" his son that caused him to report the email to campus security. (Gov. Resp. at 3). Precluding [the professor] from discussing why he took certain steps, like reporting the email to campus security," the government professes, "would leave a gap in the government's narrative and unfairly hamstrung the government in its presentation of its case." (*Id.*, citing *United States v. Skowronski*, 968 F.2d 242, 246 (2d Cir. 1992)).

This argument is farfetched. The rest of this email, which includes the actual "threats" to injure that are the subject of this prosecution – including Mr. Segui's list of grievances and the ensuing statements "You don't deserve life," "The world would be better off without you" and "anything short of tying you down and cutting off your fingers there [sic] no way you will ever admit to any wrong doing" – fully explains why the professor would report the email to campus security. That the comment about his son may have contributed to the mix is irrelevant unless its inclusion would be necessary for the jury to understand why he would report the incident. That clearly isn't the case here, and the government makes no serious contention that it is. Hence, the disparaging aside about the professor's son is not necessary to explain any other evidence, and its omission would leave no gap in the narrative whatsoever. *Cf. Skowronski*, 968 F.2d at 247 ("It was within the discretion of the court to admit the Crown Jewelry owner's firsthand description of that robbery in order to explain the coconspirators' discussion of their plan to rob the Telco Avenue U store in a similar manner.").

Although essentially ignored by the government, the other reason the statement should be excluded is that any probative value it has is substantially outweighed by the risk of unfair prejudice. A court may find evidence to be unduly prejudicial if it induces decision-making on a purely emotional basis. Fed.R.Evid. 403 Advisory Committee's Note. The Supreme Court has observed that "[t]he term 'unfair prejudice' ... speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States,* 519 U.S. 172, 180 (1997). "Absent counterbalancing probative value, evidence having a strong emotional or inflammatory impact ...

2

may pose a risk of unfair prejudice because it tends to distract the jury from the issues in the case…The effect in such a case might be to arouse the jury's passions to a point where they would act irrationally in reaching a verdict." *United States v. Robinson,* 560 F.2d 507, 513–14 (2d Cir.1977). In this case, the government turns a blind eye to the effect it would have on Mr. Segui's jury to hear the cruel, callous and extremely offensive remarks he is alleged to have made about a man's autistic and disabled child.

The Second Circuit recently held that evidence of a defendant's alleged death threats was unduly prejudicial and therefore inadmissible. *United States v. Morgan*, 786 F.3d 227, 233 (2d Cir. 2015). The Court found that the alleged death threats against the government informant "bore no relation to the [gun and drug] offenses for which [the defendant] was being tried." *Id.* at 232. As such, the Court held that there was limited probative value in admitting such statements. *Id*.

Similarly, the comment about the professor's son has no bearing on the threats Mr. Segui is alleged to have made towards the professor. Rather, admitting the statement in court would only inflame and distract the jury from the issues in the case. The comment does not purport to threaten the professor or his son. It does not serve to substantiate the alleged threats in any way nor does it create a logical nexus establishing that the professor feared for his safety. Accordingly, the comment should be excluded at Mr. Segui's trial.

For the reasons set forth here and in his initial filing, the defendant's motion *in limine* should be granted.

                                  Respectfully Submitted,

                                  /s/

                                Kannan Sundaram
                                Assistant Federal Defender
                                (718) 330-1203

cc: Andrew D. Grubin
     Philip Pilmar
     Assistant U.S. Attorneys

     Clerk of the Court (KAM)