JD:ADG/PP
F.#2019R00212

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            19 CR 188 (KAM)

    - against -

FRANK SEGUI,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## JOINT REQUESTS TO CHARGE

Kannan Sundaram
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Andrew Grubin and Philip Pilmar
Assistant United States Attorneys
(of counsel)

# PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court include the following instructions in its charge to the jury. In addition, the parties request leave to offer additional instructions as they become appropriate during the course of the trial.

The submitted requests address the essential elements of the crime charged in the indictment and certain matters of evidence which the parties believe may require instruction to the jury. The parties respectfully request that the jury instructions be provided to the jurors during their deliberations.

REQUEST NO. 1

General Requests

The parties request that the Court charge the jury in its usual manner on the following subjects, and that the parties be granted leave to offer additional instructions as may become appropriate during the course of the trial:

- a. Function of the Court and the Jury;
- b. Jury Communications with Lawyers and the Court;
- c. Equality of the Parties before the Court;
- d. Presumption of Innocence;
- e. Burden of Proof and Reasonable Doubt;
- f. Function of Indictment and What Is Not Evidence;
- g. The Meaning of "and" in the Indictment;
- h. Knowing and Intentional Conduct;
- i. What Constitutes Evidence, and Permissible Inferences from Evidence;
- j. Dates Approximate;
- k. Credibility of Witnesses and Discrepancies in Testimony;
- l. Right to See Exhibits and to Have Testimony Read During Deliberations;
- m. Duty to Consult and Need for Unanimity;
- n. Direct and Circumstantial Evidence;
- o. Questioning Wisdom of Law or Basing Verdict on Sympathy Prohibited;
- p. Punishment;
- q. Deliberations; and
- r. Venue.

REQUEST NO. 2

The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is not evidence—it is a charge or accusation. The Indictment in this case contains one count that you will be called upon to render a verdict.

The count charges the defendant FRANK SEGUI with transmitting a threat in interstate commerce. Specifically, it reads as follows:

> On or about October 30, 2018, within the Eastern District of New York and elsewhere, the defendant FRANK SEGUI did knowingly and intentionally transmit in interstate commerce a communication containing a threat to injure the person of another, to wit: a communication threatening the life of, and threatening bodily injury to, John Doe, an individual whose identity is known to the Grand Jury.

REQUEST NO. 3

Transmission of Threat to Kill or Injure

The Indictment charges the defendant with a violation of Title 18, United States Code, Section 875(c), which provides in pertinent part: "Whoever transmits in interstate or foreign commerce any communication containing any threat . . . to injure the person of another, shall be [guilty of a crime]."

Authority: Adapted from L. Sand, J. Siffert, W. Loughlin, S. Reise, S. Allen, J. Rakoff, and D. Epstein, Modern Federal Jury Instructions (2016 ed.) ("Sand"), Instruction 31-6.

REQUEST NO. 4

Elements of Transmission of Threat to Injure

I will now discuss the elements of the offense charged in the Indictment.

Before you can find the defendant guilty of this charge, you must be convinced that the government has proved the following three elements beyond a reasonable doubt:

First, that the defendant threatened to injure John Doe, as charged in the Indictment;

Second, that the threat was transmitted in interstate or foreign commerce; and

Third, that the defendant transmitted the threat knowingly and intentionally.

Authority: Adapted from Sand, Instruction 31-7; Elonis v. United States, 576 U.S. 916 (2014); United States v. Francis, 164 F.3d 120 (2d Cir. 1999).

REQUEST NO. 5

First Element – Threat

The first element the government must establish beyond a reasonable doubt is that the words communicated by the defendant were in fact a threat, as I will define that term for you.

A threat is a serious statement expressing an intention to kill or inflict bodily injury at once or in the future, as distinguished from idle or careless talk, exaggeration or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to murder or inflict bodily injury.[1] In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

To determine whether or not the defendant made a threat, you should consider the circumstances under which the statement was made, including its context with respect to surrounding conversation, the language the defendant used, and the reaction of those who heard or read the statement.

It is not necessary that the government prove that the defendant intended to carry out the threat or that he had the present ability to carry out the threat. A threat may be conditional upon the defendant's ability to carry it out in the future. The defendant's

---

[1] The defendant requests that the word "murder" be omitted from this sentence.

statement may be a threat even if it was never communicated, nor intended to be communicated, to the target of the threat.[2]

Authority:  Adapted from Sand, Instruction 31-8; Elonis, 576 U.S. at 2011–13.

---

[2] The defendant requests that this last sentence be removed.  The government opposes that request.

REQUEST NO. 6

Second Element – Transmission in Interstate Commerce

The second element the government must prove beyond a reasonable doubt is that is that the threat was transmitted in interstate or foreign commerce.

To establish this element, the government must prove that the communication passed between two or more states as, for example, a telephone call between New York and New Jersey; or between the United States and a foreign country. The government is not required to prove that the defendant knew that the threat would be transmitted across state lines.

Authority: Adapted from Sand, Instruction 31-9.

REQUEST NO. 7

Third Element – Intent to Transmit

The third element the government must establish beyond a reasonable doubt is that the defendant transmitted the threat knowingly and intentionally.

To establish this element, the government must prove that the defendant knowingly and intentionally sent the threat to John Doe and that this did not occur by accident, mistake or negligence. To establish this element, the government must prove that the defendant transmitted the communication received by John Doe for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat.[3][4] The government is not required to prove that the defendant intended to carry out the threat.

Authority: Adapted from Sand, Instruction 31-9; Elonis, 576 U.S. at 2012.

---

[3] The government modified the Sand instruction to adhere to the Supreme Court's holding in Elonis, that "[t]here is no dispute that the mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." 576 U.S. at 2012. The Sand instruction states instead, "[t]o establish this element, the government must prove that the defendant intended the communication to be received by [the victim] as a threat." Sand, Instruction 31-9. The government submits that using the language from the Supreme Court's holding in Elonis more accurately reflects the current law than the instruction.

[4] The defendant requests that this sentence be replaced with: "To establish this element, the government must prove that the defendant intended the communication to be received by John Doe as a threat. That is, that he transmitted the communication to John Doe for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat." The government objects to the modification for the reasons set forth in the above footnote.

9

REQUEST NO. 8

Testimony of Defendant
(If Applicable)

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any other witness with an interest in the outcome of the case.

Authority: Adapted from the charge of the Hon. Joseph Bianco, United States v. Richardson, 09-CR-874; Sand, Instruction 7-4; see also United States v. Gaines, 457 F.3d 238, 249 n.9 (2d Cir. 2006).

# REQUEST NO. 9

## Defendant's Right Not to Testify
(If Applicable)

The defendant chose not to testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he is innocent.

Therefore, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider this in any way in your deliberations in the jury room.

Authority: Sand, Instruction 5-21.

REQUEST NO. 10

Uncalled Witnesses Equally Available
(If Applicable)

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You also should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority: Sand, Instruction 6-7.

REQUEST NO. 11

All Available Evidence Need Not Be Produced

Although the government bears the burden of proof, the law does not require the government to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require the government to produce as exhibits all papers and things mentioned during the course of the trial.

Authority: Adapted from the charge of the Hon. Carol B. Amon, United States v. Mazella, 11-CR-300.

REQUEST NO. 12

Testimony of Law Enforcement Witnesses

In this case, you have heard the testimony of law enforcement personnel. The testimony of these witnesses should be evaluated in the same manner as the testimony of any other witness. That witnesses are law enforcement officers or other government employees does not mean that you may accord their testimony any more or less credence than that of any other person. You should evaluate the testimony of these witnesses in the same manner as you would the testimony of any other witness using all the tests of credibility I have discussed with you.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witnesses, and to give it whatever weight, if any, it deserves.

Authority: Adapted from the charge of the Honorable Allyne R. Ross in United States v. Thom, 99-CR-449 (ARR) (E.D.N.Y).

# REQUEST NO. 13

## Particular Investigative Techniques Not Required
(If Applicable)

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the government. There is no legal requirement, however, that the government prove its case through any particular means. While you are to consider carefully the evidence offered by the government, you are not to speculate as to why it used the techniques it did or why it did not use other techniques. The government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Authority: Adapted from the charge of the Hon. Joseph Bianco in United States v. Richardson, E.D.N.Y. 09-CR-874.

REQUEST NO. 14

Interviewed Witnesses
(If Applicable)

There was testimony at trial that attorneys for the government [and for the defense] interviewed witnesses while preparing for trial. You should understand that attorneys are obliged to prepare their case as thoroughly as possible and, in the discharge of that responsibility, properly interview witnesses before trial and as necessary throughout the course of the trial.

Authority: Charge of Hon. Raymond J. Dearie, United States v. Jacquez de Abreu, 16-CR-564.

REQUEST NO. 15

Stipulations
(If Applicable)

The attorneys for the United States and the attorney for the defendant have entered into stipulations concerning facts which are relevant to this case. A stipulation is an agreement among the parties that a certain fact is true.

When the attorneys on both sides stipulate and agree as to the existence of a fact, you must accept the stipulation as evidence, and regard that fact as proved.


Authority: Adapted from the charge of the Hon. Sterling Johnson, United States v. Munoz-Mosquera, 91-CR-1285; Sand, Instruction 5-6.

REQUEST NO. 16

Electronic Communications

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media such as a telephone, cell phone, smartphone, iPhone, BlackBerry, computer, internet, text, instant message service, any internet chat room, blog, websites such as Facebook, Instagram, LinkedIn, YouTube or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You should not consult dictionaries or reference materials or use any other electronic tool to obtain information about the case or to help you decide the case. Do not try to find information from any source outside the confines of this Court.

Authority: Adapted from the charge of Hon. Sterling Johnson, United States v. Delgado, 12-CR-342; see also United States v. Ganias, 755 F.3d 125 (2d Cir. 2014)

CONCLUSION

The parties respectfully request that the Court include the foregoing in its instructions to the jury. In addition, the parties request the opportunity to submit further instructions or amend those submitted as appropriate.

Dated: Brooklyn, New York
       October 22, 2019

                Respectfully submitted,

                RICHARD P. DONOGHUE
                United States Attorney
                Eastern District of New York

By:   /s/ Andrew D. Grubin
       Andrew D. Grubin
       Philip Pilmar
       Assistant U.S. Attorneys
       (718) 254-6322/6106


       /s/ Kannan Sundaram
       Kannan Sundaram
       One Pierrepont Plaza, 16th Floor
       Brooklyn, NY 11201