
U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| SK:ADG<br>F. #2019R00212 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

November 27, 2019

By Hand and ECF

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Frank Segui
      Criminal Docket No. 19-188 (KAM)

Dear Judge Matsumoto:

  The government respectfully submits this supplemental motion in limine in advance of the December 9, 2019 trial. Yesterday, defense counsel represented that he does not intend to pursue a mental health defense in the above-referenced case. Since the defendant is not mounting a mental health defense, any evidence or argument at trial about mental conditions the defendant might have, medications he may have taken or treatment he might have received, would be irrelevant and confusing. Accordingly, the government respectfully requests that the Court preclude the defendant from introducing such evidence or argument at trial.

I. Applicable Law

  Federal Rule of Criminal Procedure Rule 12.2(a) requires a defendant to provide written notice to the government (copying the Clerk of the Court) if the defendant intends to assert an insanity defense. Rule 12.2(b) requires a defendant to provide written notice to the government if the defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant.

  Under the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. § 17(a), absent a properly presented insanity defense, evidence regarding a defendant's mental condition, "diminished capacity" or lack of volitional control are not permitted. See, e.g., United States v. Cameron, 907 F.2d 1051, 1061-62 (11th Cir. 1990) (summarizing objectives of the IDRA); United States v. Pohlot, 827 F.2d 889, 898-99 (3d Cir. 1987). A defendant may present evidence regarding a defendant's mental condition only in rare and narrowly defined

circumstances—namely, to negate the mens rea for specific intent crimes. See Cameron, 907 F.2d at 1066; Pohlot, 827 F.2d at 900; United States v. Agnello, 158 F. Supp. 2d 285, 287 (E.D.N.Y. 2001); see also United States v. Wescott, 83 F.3d 1354, 1358 (11th Cir. 1996). In those cases, the evidence must pertain to a legally acceptable theory of a lack of mens rea, see Pohlot, 827 F.2d at 905-06; Agnello, 158 F. Supp. 2d at 287; and even where evidence of a defendant's mental condition has some relevance to the issue of mens rea, it may be excluded under Federal Rule of Evidence 403 because it can "mislead the jury," United States v. Schneider, 111 F.3d 197, 203 (1st Cir. 1997).

II.     Discussion

The defendant has not given notice under either Rule 12.2(a) or 12.2(b) of an intent to assert an insanity defense or introduce expert evidence relating to a mental condition. Indeed, the defendant has disclaimed any mental health defense. Therefore, the Court should preclude the defense from asking witnesses or making argument about mental conditions the defendant might have, medications the defendant may have taken or treatment the defendant might have received. Eliciting such testimony would be irrelevant and only confuse the jury and waste time. Fed. R. Evid. 402, 403. It would also pose a danger of jury nullification—that is, that the jury will decide its verdict not in accordance with the evidence and the law but on the basis of sympathy. See United States v. Copeland, 291 F. App'x 94, 97 (9th Cir. 2008). The Court has an affirmative "duty to forestall or prevent" this danger. United States v. Thomas, 116 F.3d 606, 614-16 (2d Cir. 1997) (jury nullification is a violation of a juror's oath and courts may not permit jury nullification to occur "when it is within their authority to prevent").

Accordingly, the Court should preclude the defendant from introducing any evidence or argument related to any mental conditions the defendant might have, medications he may have taken or treatment he might have received.

III. <u>Conclusion</u>

      For the reasons discussed above, the government respectfully requests that the Court grant its motion <u>in</u> <u>limine</u>.

      Respectfully submitted,

      RICHARD P. DONOGHUE
      United States Attorney

By:   <u>/s/ Andrew D. Grubin</u>
      Andrew D. Grubin
      Assistant U.S. Attorney
      (718) 254-6322

cc:   Kannan Sundaram, Esq. (By ECF)
      Clerk of the Court (KAM) (By ECF)