# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

December 4, 2019

**By ECF**
The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn New York 11201

Re:     **United States v. Frank Segui**
        **19-CR-188 (KAM)**

Dear Judge Matsumoto:

On December 2, 2019, the Court issued an order granting the Government's motion *in limine* to introduce conduct Mr. Segui is alleged to have engaged in subsequent to the October 2018 email that is the basis of the instant charge of transmitting a threat to injure in violation of 8 U.S.C. § 875(c). In that same order, the Court also denied Mr. Segui's motion *in limine* to preclude an excerpt from the October 2018 email in which he states to John Doe, "I'm so glad that son of yours is a mute deformed autistic little shit. That's probably god's way of putting you in place." *See* ECF No. 55, Memorandum & Order dated 12/2/19.

Based on these rulings by the Court, Mr. Segui requests that the Court ask prospective jurors the following questions during *voir dire*, in addition to the questions previously submitted:

In this case, the defendant is charged with transmitting a threat to cause death or bodily injury via email. You are going to hear that in the email, the defendant made a disparaging remark about the professor's disabled son: "Steve I'm so glad that son of yours is a mute deformed autistic little shit. That's probably god's way of putting you in place."

Do you or anyone close to you have a family member or friend who is autistic, on the spectrum for autism, or have any other such disability?

Do any you or anyone close to you work with people who are autistic, on the spectrum for autism, or have any other such disability?

Do you find these comments about the professor's autistic child so upsetting that it would be hard for you not to hold them against the defendant?

Would these comments affect the way you listen to and evaluate the evidence without being swayed by any feelings or emotions you have as a result of what the defendant said to the professor about his child?

Would the defendant's disparaging comments about the professor's son impact you ability to presume the defendant innocent?

The crime the defendant is charged with is transmitting a threat of death or bodily injury in an email the defendant sent on October 30, 2018. In addition to the email itself, you are going to hear that the defendant engaged in certain conduct after sending the email. This conduct includes doing Google searches about switchblades and knives and whether it is possible to kill someone with a butter knife. You will also hear that the defendant purchased an axe, bought a bus ticket to Michigan, where the professor lives, and told the police that he intended to kill the professor with an axe.

That evidence, I will instruct you, is not part of the charged crime but will be offered only as evidence of the defendant's intent to communicate a threat to the professor at the time he sent the email in October 2018.

Will hearing that evidence upset or disturb you such that it might be difficult for you to sit as a juror on this case?

After hearing that evidence of a plan to kill the professor, will you be able to follow the Court's instructions to consider that evidence only on the issue of the defendant's intent to communicate a threat in the prior email?

Will you able to follow that instruction without speculating about whether or why not the defendant is being charged with other crimes based on that conduct, separate from the charge before you regarding the email?

\*     \*     \*

"A trial judge is required to permit at least some questioning with respect to any material issue that may actually or potentially arise during the trial." *United States v. Tutino*, 883 F.2d 1125, 1133 (2d Cir. 1989) . In light of the violent, sensational and disturbing nature of the allegations, an adequate *voir dire* in this case – one that can accurately reveal, or permit the Court and the parties to meaningfully assess whether the jurors can be fair and impartial in following the court's instructions and evaluating the evidence – requires that the jurors be informed about some of these facts in being asked if they can be fair and impartial. *See Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981) ("Without an adequate *voir dire* the trial judge's responsibility

to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled.").

Respectfully Submitted,

/s/

Kannan Sundaram
Assistant Federal Defender
(718) 330-1203

cc: Andrew D. Grubin
    Assistant U.S. Attorney